**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                                                                                               Case No. 17-20389

MARTY TUTT,

           Defendant.
_____/

**OPINION AND ORDER NOTIFYING DEFENDANT OF INTENT TO CONSTRUE "MOTION FOR REVOCATION HEARING TO REDIRECT SENTENCING" AS A MOTION UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT "MOTION FOR BILL OF REVIEW TO REVERSE COURT'S TEXT-ONLY ORDER"**

Pending before the court are Defendant's "Motion for Revocation Hearing to Redirect Sentencing" (Dkt. #30) and "Motion for Bill of Review to Reverse Court's Text-Only Order" (Dkt. #32). The Government filed responses (Dkt. #37, 38), and Defendant filed a reply (Dkt. #39). For the reasons stated below, the court will (1) advise Defendant of its intent to construe his "Motion for Revocation Hearing to Redirect Sentencing" as a motion under 28 U.S.C. § 2255 and (2) deny as moot his "Motion for Bill of Review to Reverse Court's Text-Only Order."

Defendant Marty Tutt filed several documents with the court pro se while represented by counsel, which were stricken in a text-only order. Subsequently, his attorney filed a Motion to Withdraw as Counsel (Dkt. #28) and the court granted that Motion (Dkt. #29). The current motions followed.

In his "Motion for Revocation Hearing to Redirect Sentencing," Defendant argues ineffective assistance of counsel and requests that his sentence be "redirected."

(Dkt. #30.) The relief he seeks is consistent with a motion to correct the sentence under § 2255, and the court intends to characterize it as such. Before it does so, however, Defendant must be advised "of the potential consequences of such recharacterization" and given the opportunity to withdraw his motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). After Defendant files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents him from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255(h). Thus, the court advises Defendant that its construction of his motion may limit his ability to pursue future avenues of collateral relief.

Moreover, because the court has addressed Defendant's re-filed "Motion for Revocation Hearing to Redirect Sentencing," it will deny as moot Defendant's "Motion for Bill of Review to Reverse Court's Text-Only Order" striking it. (Dkt. #32.) Accordingly,

IT IS ORDERED that Defendant is hereby NOTIFIED that the court intends to construe his "Motion for Revocation Hearing to Redirect Sentencing" (Dkt. #30) as a motion for relief under 28 U.S.C. § 2255. By **December 21, 2018**, Defendant may either withdraw the motion, file an amended motion under § 2255, or file a "Notice of Agreement" with the court's characterization.

IT IS FURTHER ORDERED that Defendant's "Motion for Bill of Review to Reverse Court's Text-Only Order" (Dkt. #32) is DENIED AS MOOT.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2018, by electronic and/or ordinary mail.

                                                                  s/Lisa Wagner
                                                                    Case Manager and Deputy Clerk
                                                                    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20389.TUTT.Advise.docx