# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 17-20389
                                                          Civil No. 19-10591

MARTY TUTT,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S RECHARACTERIZED MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to a Rule 11 agreement, Defendant Marty Tutt pleaded guilty to two counts of extortion in violation of 18 U.S.C. § 1951. (ECF No. 14.) He was sentenced to 12 months and one day imprisonment. (ECF No. 25.) Before the court is Defendant's recharacterized motion for relief under 28 U.S.C. § 2255 based upon ineffective assistance of counsel. (ECF Nos. 30, 42.) For the reasons explained below, the court will deny the motion.

## I. BACKGROUND

This case involves three attorneys. The first is Defendant's original counsel of record, Rebekah R. Coleman. (ECF No. 8.) Defendant pleaded guilty to two counts of extortion while being represented by Ms. Coleman. (ECF No. 14.) Subsequently, a new attorney was substituted as his counsel of record, Nicole L. James. (ECF No. 20.) Ms. James represented Defendant at his sentencing, accompanied by yet another attorney,

Vanessa Ross-Wilson. (ECF No. 26.) The present motion is based on the alleged ineffective assistance of Ms. James and Ms. Ross-Wilson. (ECF Nos. 30, 42.)

At Defendant's sentencing, the applicable guideline range was determined to be 30–37 months imprisonment. (ECF No. 26, PageID.114.) Defendant was sentenced to a term of 12 months and one day. (*Id.*, PageID.119.) He argues ineffective assistance of counsel based upon Ms. James and Ms. Ross-Wilson's incorrect advice regarding the length and execution of his sentence by the Bureau of Prisons. (ECF No. 30, PageID.157.) Defendant asserts that, after he was sentenced, he and his family met with Ms. James and Ms. Ross-Wilson, and they were adamant that "he would serve no more than two or three months of actual detainment at a camp with a guarantee of the last six months of his sentence to be served in a halfway house, 'once the Bureau of Prisons completed the calculation of his sentence.'" (*Id.*, PageID.158.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)).

To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Defendant "must show that counsel's representation fell below an objective standard of reasonableness," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 687–89.

Second, Defendant "must show that the deficient performance prejudiced the defense." *Id.* at 687–88. In the context of a guilty plea, this prong requires Defendant to establish that "he would not have pleaded guilty and would have insisted on going to trial." *Thomas v. Foltz*, 818 F.2d 476 (6th Cir. 1987) (quoting *Lockhart*, 474 U.S. at 59). Prejudice cannot be established if statements are made "relevant only to sentencing and not to whether [the defendant] would have pled guilty." *United States v. Garofolo*, 425 F. App'x. 460, 462 (6th Cir. 2011). A defendant's testimony at a plea hearing declaring an understanding and a voluntary signature on the plea agreement creates a "formidable barrier" to collateral relief for a claim of ineffective assistance of counsel. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Lockhart*, 474 U.S. at 54.

### III. DISCUSSION

Defendant argues that he received ineffective assistance of counsel because he was given incorrect advice on his sentence and how it would be executed by the Bureau of Prisons. (ECF No. 30, PageID.157.) Specifically, he claims that "[h]is attorneys were

3

adamant he would be serving no more than three months of actual prison time, with a guarantee the last six months would be spent in a halfway house, no matter what." (*Id.*, PageID.159.) Defendant claims that he "was only convinced to plead guilty because he would serve minimal 'jail time.'" (*Id.*, PageID.158.) When he reported to Camp Hazelton in West Virginia, however, his case manager advised him that "six months of halfway house for the length of his sentence was unattainable." (*Id.*, PageID.158–59.)

To establish ineffective assistance of counsel, Defendant must show both that his counsel was deficient and that this prejudiced him. Defendant's motion, however, precludes any finding of prejudice. First, he alleges that the incorrect advice was given to him *after he was sentenced*. By Defendant's account, this advice could not have affected his decision to plead guilty. Additionally, the attorneys at issue in this motion did not represent Defendant until after he had already pleaded guilty. (ECF No. 20.) Any statements made by them could not have impacted his decision to plead guilty, and Defendant makes no allegations of wrongdoing by his original counsel. Moreover, even if Defendant had received this advice before his sentence or before he pleaded guilty, he admits he "may not have persisted with trial." (ECF No. 30, PageID.159.) This too undermines a finding of prejudice.

Defendant also states that had he understood how his sentence would be executed by the Bureau of Prisons, "he decisively would have insisted on a Type-C binding plea agreement" for a probationary sentence or at least one specifying he would spend no more than three months in a prison camp. (*Id.*, PageID.159–60.) This argument is not supported by the record. There is no suggestion that such a plea agreement was or would have been offered to Defendant. The only evidence is of the

4

plea agreement Defendant entered into, which calculated his guideline sentencing range of 24–30 months. (ECF No. 14.) Given that Defendant received a sentence 12 months below the bottom of that range and 18 months below the bottom of the guideline range determined at sentencing, he appears to have indeed received "minimal jail time" for the offenses he committed. Between Defendant's admission he may not have persisted to trial, the lenient sentence he received, and the lack of any record of Defendant's hypothetically-negotiated plea agreement, Defendant fails to show "that there is a reasonable probability the outcome of [his] plea process would have been different had he received competent advice." *Rodriguez-Penton*, 905 F.3d at 486–87.

Defendants' final two arguments are based on facts that are irrelevant to both the outcome of his plea process and the sentence he received. First, Defendant states that his counsel's incorrect advice caused him to make "falsified legal commitments to a Circuit Court" at a child-custody hearing about how long he anticipated being incarcerated. (ECF No. 30, PageID.169.) Second, Defendant argues that his absence at the Serenity Support, LLC youth organization while incarcerated will have a negative impact on the juveniles he mentors and affect the organization's scheduling. (*Id.*, PageID.161.) Factors outside of the judicial process such as these have no impact on the decision to plead guilty, however, and thus do not satisfy the prejudice prong in *Strickland*. These arguments fail.

## IV. CONCLUSION

Because Defendant has failed to make the required showing to establish a claim for ineffective assistance of counsel, the court will deny his Motion to Vacate. The court will also deny a certificate of appealability because jurists of reason would not debate

the court's analysis with respect to Petitioner's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly,

IT IS ORDERED that Defendant's motion for relief under 28 U.S.C. § 2255 (ECF No. 30) is DENIED and a Certificate of Appealability is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20389.TUTT.Deny2255.docx